THERIOT, J.,
concurring in part and dissenting in part with reasons.
IU concur with the analysis of the majority in every respect except the reversal of the portion of the district court judgment holding the defendants in contempt of court.
I would affirm the district court’s finding that the defendants were guilty of contempt. As mentioned by the majority, the defendants unquestionably exceeded the authority granted to them in the August 2011 order appointing them as co-administrators. Furthermore, it is clear from the record that defendants performed numerous intentional acts that required court approval without first obtaining such approval. I find La. C.C.P. art. 225(B) .was satisfied by the district court reciting the defendants were guilty of “willful disobedience of the judgment of August 19, 2011, and for their failure to follow their oaths of office.”
*539 The district court did state at the hearing on the defendant’s motion for new trial that “[defendants] may have acted in good • faith, albeit unwisely and without full knowledge of their duties and powers.” I disagree with the majority’s ^conclusion that such a statement is a factual determination and is inconsistent with the district courts findings enumerated during the contempt hearing. The district court was merely making an observation that defendants “may” have acted in good faith. Such a statement is not a finding of fact. Furthermore, this observation was made during the motion for new trial. It was not made at the contempt hearing. Therefore, I respectfully disagree with the majority opinion as it pertains to the contempt ruling.